UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CRYSTAL WILLIAMS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WALMART, INC. AND | § | DEFENDANT DEMANDS A JURY |
| WAL-MART STORES TEXAS, LLC | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant WAL-MART STORES TEXAS, LLC ("Walmart"), incorrectly referred to as Walmart, Inc., and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the 412th Judicial District Court, Brazoria County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division.

## I.
## RELEVANT FACTS

1. Plaintiff Crystal Williams claims she slipped and fell on an unknown condition on of floor of a Walmart store located at 10505 Broadway Street, Pearland, Texas on July 15, 2019. *See* Pl.'s Orig. Pet. (Ex. A) at ¶ 11. Plaintiff asserts claims of negligence and premises liability. *See id.* at ¶¶ 14-29. Plaintiff's lawsuit expressly alleges that she is seeking damages of over $200,000.00 but no more than $100,000.00. *See id.* at ¶ 6.

2. Plaintiff served Walmart with her Original Petition on July 21, 2021.

## II.
## THE PARTIES

3. Plaintiff Crystal Williams pleaded that she resides in Texas. *See* Ex. A at ¶ 2. As such, Plaintiff is a citizen of the State of Texas for diversity removal purposes.

4.      Plaintiff sued Wal-Mart Stores Texas, LLC.  Defendant Wal-Mart Stores Texas, LLC is now and was at the time of filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas.  The citizenship of an LLC is the same as the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

5.      Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas.  The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders.  Americold Realty Tr. v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series* 2006-24, 866 F.3d 351, 358 (5th Cir. 2017). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

6.      A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)).  Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas. Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

## III.
## BASIS FOR REMOVAL

7. Walmart removes this case to federal court because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

**A. There is complete diversity of citizenship.**

8. There is complete diversity of citizenship, *see* 28 U.S.C. §§ 1332, 1441, between the Texas Plaintiff and the out-of-state defendant, Walmart, which is a citizen of Delaware and Arkansas.

**B. The amount in controversy requirement is met.**

9. A removing party may establish that the amount in controversy exceeds $75,000 by showing the non-removing party explicitly sought damages over $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's lawsuit expressly pleaded that she seeks monetary relief from her lawsuit over $200,000.00 but not more than $1,000,000.00. *See* Ex. A at ¶ 6.

**C. This removal is timely and venue is proper.**

10. This Notice of Removal is being filed within 30 days of service of Plaintiff's lawsuit on Walmart, and within one year of the commencement of this action. It is therefore timely. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is in this District.

**D. Procedural requirements for removal are satisfied**

9. Upon filing of this Notice of Removal of the cause, Walmart gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 412th Judicial District Court, Brazoria County, Texas, where this

cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## IV.
## CONCLUSION AND PRAYER

10. Based on the foregoing, Walmart has established that the amount in controversy exceeds $75,000.00 and that diversity of citizenship exists between the parties in this case. Therefore, removal is proper in this case.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Marmar Kahkeshani
TBN: 24081896
FBN: 2906620
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile:  (713) 622-8077
jramirez.atty@bushramirez.com
mkahkeshani.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 20th day of August 2021.

Rahlita D. Thornton
Thornton Esquire Law Group PLLC
3730 Kirby #1200
Houston, Texas 77098
service@thorntonesquirelawgroup.com

                                         */s/ John A. Ramirez*
                                         John A. Ramirez