**CT Corporation**

**Service of Process Transmittal**
07/21/2021
CT Log Number 539940520

| | |
|---|---|
| **TO:** | Kim Lundy- Email<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Williams Crystal, Pltf. vs. Walmart, Inc. and Wal-mart Stores Texas, LLc, Dfts. |
| **DOCUMENT(S) SERVED:** | Amended Petition |
| **COURT/AGENCY:** | 412th District Court of Brazoria County, TX<br>Case # 113606CV |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - On or about 07/15/2019, 10505 Broadway Street, Pearland, TX. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/21/2021 at 03:19 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Rahlita D. Thornton<br>Thornton Esquire Law Group PLLC<br>3730 Kirby<br>#1200<br>Houston, TX 77098<br>713-401-3998 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/22/2021, Expected Purge Date: 07/27/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A

Page 1 of  1 / TD



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jul 21, 2021

**Server Name:** Kitty Estes

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | 113606-CV |
| Jurisdiction | TX |



## NO. <u>113606-CV</u>

| | | |
|---|---|---|
| **CRYSTAL WILLIAMS** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **412TH JUDICIAL DISTRICT** |
| | § | |
| **WALMART, INC. and Wal-mart Stores Texas, LLC** | § | |
| **Defendants** | § | **BRAZORIA COUNTY, TEXAS** |

### PLAINTIFF'S AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Crystal Williams, hereinafter called Plaintiff, complaining of and about Walmart, Inc. and Wal-mart Stores Texas, LLC, hereinafter called Defendants, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Crystal Williams, is an Individual whose address is in Fresno, Fort Bend County, Texas.

3. The last three numbers of Crystal Williams's driver's license number are 764. The last three numbers of Crystal Williams's social security number are 841.

4. Defendant Walmart, Inc., a Foreign Limited Company, authorized to do business in the State of Texas for the purpose of profit, and may be served with process and citation by serving its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Service of said Defendant as described above can be effected by personal delivery or certified mail, return receipt requested.

Defendant Wal-mart Stores Texas, LLC, a Foreign Limited Company, authorized to do business in the State of Texas for the purpose of profit, and may be served with process and citation by serving its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Service of said Defendant as described above can be effected by personal delivery or certified mail, return receipt requested.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. monetary relief over $200,000 but not more than $1,000,000.

7. This court has jurisdiction over the parties because Defendants regularly conducts business in the state of Texas.

8. Venue in Brazoria County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9. At all times material hereto, Defendants Walmart, Inc. and Wal-mart Stores Texas, LLC was the owner and or possessor in control of the premises located at 10505 Broadway Street, in Pearland, Texas.

10. On or about July 15, 2019, Crystal Williams entered upon said premises for the purpose of purchasing consumer goods from the Defendants. She entered on the said property of Defendants at the invitation of Defendants to engage in the act of purchasing various consumer goods from the Defendants' store.

11. On or about July 15, 2019, Crystal Williams was an Invitee on property controlled

2

and or owned by the Defendants, and was injured under the following circumstances: Plaintiff was fell at the Walmart store at 10505 Broadway Street, in Pearland, Texas which was owned and operated by Defendants during its regular hours when she fell on the floor in the store. The surface of the floor was wet. Further, the lack of warning signs or verbal warnings caused the Plaintiff to fall while inside the store. Plaintiff suffered serious injuries from the fall.

12. During the time that Crystal Williams was upon Defendants' property, Crystal Williams was seriously injured as a result of a dangerous condition in that the surface of the only walkway was slippery, wet and or defectively devoid of proper traction that a reasonable and prudent person would expect.

13. Crystal Williams's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendants knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANTS
## WALMART, INC. AND WAL-MART STORES TEXAS, LLC

14. On or about July 15, 2019, and at all times mentioned herein, Defendants Walmart, Inc. and Wal-mart Stores Texas, LLC were the owner and or possessor of the property in question and either owned, occupied or maintained the premises located at 10505 Broadway Street, in Pearland, Texas.

15. At all times mentioned herein, Defendants Walmart, Inc. and Wal-mart Stores Texas, LLC had such control over the premises in question that Defendants Walmart, Inc. and Wal-mart Stores Texas, LLC owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

16. On or about July 15, 2019, Crystal Williams was an Invitee on the premises owned by the Defendants when Crystal Williams was injured as a result of the acts and

omissions of the Defendants.

17. Defendants Walmart, Inc. and Wal-mart Stores Texas, LLC, Defendants' agents, servants, and employees negligently permitted the floor to become slippery with water from the rain from the weather or other known prior defects in the property, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendants Walmart, Inc. and Wal-mart Stores Texas, LLC or Defendants' agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

18. Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendants Walmart, Inc. and Wal-mart Stores Texas, LLC or Defendants' agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

19. At all times pertinent herein, Defendants Walmart, Inc. and Wal-mart Stores Texas, LLC, and any of Defendants' agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

   A. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

   B. Failing to maintain the floor in a reasonably safe condition;

   C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

   D. Failing to give warnings to Plaintiff of the unsafe condition;

   E. Failing to properly repair said walkway with proper walking and friction surfaces;

F. Failing to warn the Plaintiff of the wet surface on which she fell;

G. Failing to remove the water from the rain causing the slip and fall; and

H. Failing to discover and remove the water from the rain within a reasonable time.

## LIABILITY OF DEFENDANTS
## WALMART, INC. AND WAL-MART STORES TEXAS, LLC
## FOR PREMISES DEFECT

20. That on the date Crystal Williams was injured, a dangerous condition existed on the Defendants' premises which was a proximate cause of the injuries, specifically there was a walkway that was too slippery to maneuver and walk on under normal conditions.

21. That on the date Crystal Williams was injured, an additional dangerous condition existed on the Defendants' premises which was an additional proximate cause of the injuries, specifically the surface of the walkway was very slippery due to the lack of proper roofing maintenance and leaking.

22. That the Defendants had actual or constructive knowledge of the conditions just described on Defendants' premises as demonstrated by their employee statements immediately after the fall.

23. That the condition just described posed an unreasonable risk of harm to Crystal Williams and others in that there was such a probability of a harmful event occurring that a reasonably prudent person would have foreseen that the event that did occur or some similar event was likely to happen.

24. That the Defendants did not exercise reasonable care to reduce or eliminate the risk.

25. The negligent, careless or reckless acts and omissions of Defendants Walmart,

Inc. and Wal-mart Stores Texas, LLC consisted of one or more of the following:

    A.    Defendants failed to discover and remove the defective walkway within a reasonable time;

    B.    Defendants failed to provide necessary and proper procedures for the Plaintiff to walk on the surface safely;

    C.    Defendants failed to properly maintain and inspect said walkway;

    D.    Defendants failed to use due care in the design of the walkway;

    E.    Defendants failed to use proper materials reasonably suited to the manufacture or design of the walkway or the component parts thereof;

    F.    Defendants failed to use due care to test and/or inspect the walkway and or roof of the structure or the component parts thereof to determine its durability and function ability for the purpose for which it was intended;

    G.    Although events similar to the one that caused the injuries had previously occurred, Defendants failed to take any corrective action to prevent a recurrence of the problem; and

    H.    Defendants failed to warn Crystal Williams of the unsafe conditions.

## LIABILITY OF DEFENDANTS
## WALMART, INC. AND WAL-MART STORES TEXAS, LLC
## UNDER GENERAL NEGLIGENCE THEORY

26. Defendants owed Crystal Williams and others similarly situated the duty to provide safe surroundings to those persons invited to the premises to conduct business.

27. Defendants breached said duty by allowing the roof and ceiling to not be repaired.

28. Defendants owed Crystal Williams and others similarly situated the duty to provide a safe place to walk into their business.

29. Defendants breached said duty by allowing the roof and ceiling to remain in a state of disrepair without the proper attention and warning to Plaintiff.

## PROXIMATE CAUSE

30. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, CRYSTAL WILLIAMS

31. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, Crystal Williams was caused to suffer serious injuries to her body, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Crystal Williams has incurred the following damages:

  A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Crystal Williams for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Brazoria County, Texas;

  B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

  C. Physical pain and suffering in the past;

  D. Mental anguish in the past;

  E. Physical pain and suffering in the future;

  F. Mental anguish in the future;

  G. Physical impairment in the past;

  H. Physical impairment which, in all reasonable probability, will be suffered in the future;

  I. Loss of earnings in the past;

  J.  Loss of earning capacity which will, in all probability, be incurred in the future;

  K.  Loss of Household Services in the past;

  L.  Disfigurement in the past;

  M.  Fear of future disease or condition; and

  N.  Cost of medical monitoring and prevention in the future.

33. By reason of the above, Plaintiff, Crystal Williams has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Crystal Williams, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

      Respectfully submitted,

      Thornton Esquire Law Group PLLC

      By: */s/Rahlita D. Thornton*
        Rahlita D. Thornton
        Texas Bar No. 19979500
        Email:
        service@thorntonesquirelawgroup.com

3730 Kirby #1200
Houston, Texas 77098
Tel. (713) 401-3998
Fax. (713) 588-2532
Attorney for Plaintiff
Crystal Williams